*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re A.C.M. BROWN, Minor.

UNPUBLISHED
June 22, 2023

No. 362562
Wayne Circuit Court
Juvenile Division
LC No. 2013-511325-NA

Before: MARKEY, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Respondent-father[1] appeals by right the trial court's order terminating his parental rights to his minor child, ACMB. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of ACMB's allegations that she was sexually abused by respondent. In 2019, ACMB was placed in respondent's care, after petitioner, the Michigan Department of Health and Human Services (the "Department"), petitioned to remove ACMB and her half-brother from their mother's care and custody because of neglect and unsanitary living conditions. In 2021, a friend of respondent brought ACMB to the hospital after ACMB told the friend that respondent sexually abused her. Because of the allegations, a complaint was filed with Child Protective Services ("CPS"). At the beginning of the investigation, a CPS worker contacted ACMB's mother about the allegations. The mother "believed the sexual abuse allegations to be true based on her observations of [ACMB's] 'promiscuous' behavior[,]" and an incident when she found a hole in ACMB's underwear. After being medically examined, ACMB underwent a forensic interview, during which she repeated her allegations. Although respondent denied the allegations, the Department petitioned the court to terminate respondent's parental rights.

During the adjudication hearing, a CPS worker, Whitney Bondy, testified regarding the mother's allegations against respondent. Bondy related that the mother "admitted that during the

---

[1] The lower court proceedings involved other children and respondents, but they are not at issue on appeal. Thus, only the facts relevant to respondent-father's case will be discussed.

summer of 2021 she had seen [ACMB] wearing a pair of underwear with a large hole in it," which the mother apparently stated she suspected was made by respondent "in order to engage in sexual activity." Bondy stated that the mother told her that ACMB's "behavior had become increasingly promiscuous even though she was still very young," and that the mother "had previously seen [respondent] kissing [ACMB] on the lips." Bondy also testified that the mother told Bondy that respondent "had sexually assaulted his sister and that he also had a long history of inappropriately touching children and other adults." Similarly, another CPS worker, Sofia Garcia, testified that the mother told Garcia that "[ACMB] had been showing [behaviors] that were of concern to her, like sitting on men's laps, kissing people on the lips, and she said her body language wasn't right." Garcia also repeated the mother's allegation that ACMB "had been wearing an underwear that had a hole in it."

Respondent objected to the CPS workers' testimony, arguing the statements regarding what the mother told them were inadmissible hearsay. While the trial court sustained some of the objections, it permitted other testimony, believing it was admissible as a statement of a party-opponent and as an excited utterance. During the adjudication, it was also revealed that the criminal investigation into respondent's behavior was inactive and that CPS and the Department had been given a police report. Respondent's attorney apparently never received the report and, after reviewing it, requested its admission. The trial court denied the request because the document contained inadmissible hearsay. Respondent then requested an adjournment to call the police investigator who authored the report to testify, which was also denied. The trial court reasoned that there was not good cause for the court to grant the adjournment because respondent had not yet subpoenaed the investigator and respondent knew of the criminal investigation before the trial started. However, the trial court did inform respondent he could call the investigator for the bifurcated best interests hearing, which he did not do.

After the best interests hearing, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(b)(*i*) (child or sibling suffered sexual abuse by parent's action with reasonable likelihood of suffering future abuse if returned); MCL 712A.19b(3)(b)(*ii*) (child or sibling suffered sexual abuse and parent failed to prevent it despite being able with reasonable likelihood of suffering future abuse if returned); MCL 712A.19b(3)(g) (parent, while financially capable, failed to provide proper care for child with no reasonable expectation parent will be able to do so within a reasonable time, given child's age); MCL 712A.19b(3)(j) (reasonable likelihood child will be harmed if returned to parent's home based on parent's conduct or capacity); MCL 712A.19b(3)(k)(*ii*) (parent abused the child or sibling by engaging in criminal sexual conduct involving penetration); and MCL 712A.19b(3)(k)(*ix*) (parent sexually abused the child or sibling). The court relied primarily on ACMB's admissions, which it found to be credible and trustworthy, and corroborated by ACMB's medical records. This appeal followed.

## II. STANDARDS OF REVIEW

"We review for an abuse of discretion a trial court's decision regarding the admission of evidence." *In re Utrera*, 281 Mich App 1, 15; 761 NW2d 253 (2008). This Court also reviews for abuse of discretion a ruling on a motion for a continuance. *Id.* at 8. "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *Id.* at 15 (quotation marks and citation omitted). "When an evidentiary question involves a question of law, such as the interpretation of a statute or court rule, our review is de novo." *Id.*

## III. ANALYSIS

On appeal, respondent argues the trial court abused its discretion when it admitted the hearsay statements from the CPS workers regarding the mother's allegations and when it denied his request for an adjournment to call the investigating officer to testify. We disagree.

## A. HEARSAY

"The statutory grounds for termination of parental rights must be proven by clear and convincing evidence." *Id*. at 15. The evidence must also be legally admissible. *Id*. at 17; see also MCR 3.977(E)(3). The parties do not dispute the mother's statements, as related by Bondy and Garcia, without any exceptions or exclusions, constituted hearsay. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Hearsay is inadmissible unless the rules of evidence provide otherwise." *In re Utrera*, 281 Mich App at 18 (quotation marks and citation omitted). The exclusion to the hearsay rule at issue in this case concerns admissions by a party-opponent, which are statements offered against a party which are "the party's own statement, in either an individual or a representative capacity . . . ." MRE 801(d)(2). Also at issue is the excited utterance exception to the hearsay rule, which allows the admission of statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." MRE 803(2).

We have little trouble concluding that Bondy and Garcia's testimony was not admissible as a statement of a party-opponent. MRE 801(d)(2) permits admission of statements against a party which were "the party's own statement[s.]" However, neither Bondy nor Garcia testified regarding statements made by respondent. The mother's statements to them concerned the mother's impressions, inferences, and opinions concerning respondent and ACMB's behavior. In other words, the testimony given by Bondy and Garcia was not related to respondent's own statements and, therefore, did not qualify as a statement by a party-opponent. See *Merrow v Bofferding*, 458 Mich 617, 633; 581 NW2d 686 (1998) ("A statement cannot be used as a party admission unless the party made the statement.").

We also assume, without deciding, that the mother's statements did not qualify for admission as excited utterances. In order to demonstrate that a hearsay statement is admissible as an excited utterance, the party offering the statement must show "1) that there be a startling event, and 2) that the resulting statement be made while under the excitement caused by the event." *People v Smith*, 456 Mich 543, 550; 581 NW2d 654 (1998). While it was likely unsettling for the mother to be questioned by CPS regarding allegations that respondent sexually abused ACMB, her testimony makes clear that she already suspected that respondent was sexually abusing ACMB.

But we need not decide whether Bondy and Garcia's statements were admissible under the excited utterance exception because even if the trial court abused its discretion when admitting them under either theory advanced, any such error was harmless. See *People v Mateo*, 453 Mich 203, 206; 551 NW2d 891 (1996) ("Where the error asserted is the erroneous admission of evidence, the court engages in a comparative analysis of the likely effect of the error in light of the other evidence."). When the trial court provided its reasoning on the record concluding there were statutory grounds to terminate respondent's parental rights, the trial court did not rely on Bondy

or Garcia's testimony. Rather, the court noted ACMB's allegations, as well as the mother's own direct testimony regarding the allegations. Any statements made by Bondy and Garcia were not crucial to the trial court's ultimate reasoning for terminating respondent's parental rights. Thus, any error in admitting those statements was harmless.

## B. ADJOURNMENT

"Adjournments of trials or hearings in child protective proceedings should be granted only (1) for good cause, (2) after taking into consideration the best interests of the child, and (3) for as short a period of time as necessary." MCR 3.923(G); see also *Utrera*, 281 Mich App at 10. This Court has defined good cause as " '[a] legally sufficient reason' and 'a substantial reason amounting in law to a legal excuse for failing to perform an act required by law.' " *Utrera*, 281 Mich App at 10-11.

The trial court did not abuse its discretion by refusing to adjourn the hearing. The purported purpose of respondent's request to adjourn was to introduce evidence that the criminal investigation involving him for the underlying allegations in this case was inactive. Respondent contends the Department's alleged discovery violation—failing to provide the police report— provided good cause for an adjournment. However, both respondent and his attorney stated on the record they knew the investigation was ongoing and had tried to contact the investigator multiple times without success. Thus, the record demonstrates that respondent and his attorney were aware of the investigation and had suspicions the investigation was closed after having difficulty contacting the investigator. Respondent's attorney argued she did not subpoena the investigator earlier because she wished to speak with the investigator beforehand but, considering the alleged difficulty in getting any response from the investigator, respondent's failure to subpoena the investigator does not constitute a legally-sufficient reason for an adjournment.

Moreover, the trial court itself acknowledged when making its ruling that the investigation was closed but determined, considering the different burdens of proof between criminal and termination proceedings, as well as the credibility of ACMB's statements, it was nevertheless proper to terminate respondent's parental rights. The trial court highlighted that while criminal investigations are relevant considerations during termination proceedings, they are not dispositive. The trial court found ACMB made statements to a number of adults, over multiple days, which remained consistent and were corroborated by her medical records. Considering the heightened deference owed to the trial court on appeal, we cannot say the trial court abused its discretion when it denied respondent's request for an adjournment.

Affirmed.

/s/ Jane E. Markey
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly

-4-